Joe PATTERSON P-43614
Name and Prisoner/Booking Number

CAliFornia Medical Facility
Place of Confinement

P.O. Box 2000
Mailing Address

VAcAVille CA 95696-200
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**JUL 06 2016**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Joe PATTERSON P-43614
(Full Name of Plaintiff)          Plaintiff,

v.        Health Service

(1) CAliFornia Correctional
(Full Name of Defendant)

(2) CDCR et al

(3)

(4)

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. **216 - CV - 1538** KJN PC

(To be supplied by the Clerk)

## CIVIL RIGHTS COMPLAINT
## BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

☒ Other: 28 USC 1331: Constitutional Violation Under IV Amendment) CAl. CIV. Code Sb.10 PriVAcy Act.

2.   Institution/city where violation occurred: SACRAmento CaliForniA

Revised 3/15/2016

1

## B. DEFENDANTS

1. Name of first Defendant: *Cal. Corr Health Care Services*. The first Defendant is employed as:
   _____ at *Head Quarters* _____.
   (Position and Title)                          (Institution)

2. Name of second Defendant: *CDCR*. The second Defendant is employed as:
   _____ at *Head quarters* _____.
   (Position and Title)                          (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
   (Position and Title)                          (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   (Position and Title)                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☑ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _IV Amendment. Violation of The Confidentiality of my medical records_

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

- ☐ Basic necessities
- ☐ Mail
- ☐ Access to the court
- ☐ Medical care
- ☐ Disciplinary proceedings
- ☐ Property
- ☐ Exercise of religion
- ☐ Retaliation
- ☐ Excessive force by an officer
- ☐ Threat to safety
- ☒ Other: _Breach of Medical Records_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. _Please refer to Exhibit "A", which is a letter explain in what occurred. According to law all such information in California is mandated to be encrypted._

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). _My private information (social security number name drivers license number home address) And confidential Medical Records have been breached due to negligence by CDCR And California Correctional Health Services._

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No

   b. Did you submit a request for administrative relief on Claim I? ☐ Yes ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level? ☐ Yes ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _In this case there are no administrative remedies because what occurred was beyond prison walls. Under california law, this also classified as a misdemeanor._

3

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: _Fourth Amendment_
_U.S. Constitutional Violation._

2. **Claim II.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care

☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation

☐ Excessive force by an officer ☐ Threat to safety ☒ Other: _Health & safety Code_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. _Defendant Violated California Health And Safety Code Section 1280.15 by Not Notifying this Petition within 15 Business day of the breach of this confidential data. And a violation of CMIA (confidential Medical Information Act) - the Privacy Act._

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_Defendants Violated the law by allowing an Unencrypted laptop to leave the work place and placed within an Employees Vehicle with 18 years worth of my Personal confidential data & Medical Records on it And it was stolen leaving me Vulnerable to identity theft._

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No

   b. Did you submit a request for administrative relief on Claim II? ☐ Yes ☒ No

   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _Beyound the Scope of Administrative Appeal because this occured beyond Prison, And is a Misdemeanor under cal. Law._

4

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☐ Other: _____
    - ☐ Medical care
    - ☐ Retaliation

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?　　　　　　　　　　　　　　　　　　　　　　　　☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Claim III?　　　　☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?　☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## E. REQUEST FOR RELIEF

State the relief you are seeking: Petitioner seeks relief prescribed by law For the Violation of my Constitutional rights to be Secure within the Confidentiality of my Medical Records; And Seeking Monetary Relief under California Civil Code 56.36 in the Sum of $ 3500.00 plus court fees As also prescribed under Cal. Civ Code Section 56.36 In addition under Calif. Health And Safety Code, and Administrative fine of $ 25,000.00

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June/3 2016
DATE

N/A
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

N/A
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

SIGNATURE OF PLAINTIFF

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

Case Name: Joe Patterson P-43614

Case Number: NA

Court: United States district court eastern district of California

## PROOF OF SERVICE BY MAIL

I, Joe W. Patterson declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _____ I served the attached: a true copy of the attached:

1983 with attached exhibit ("A-E")

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

office of the clerk
United State District Court
Eastern District of California
501 I St., Suite 4-200
Sacramento, Ca 95814

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on _____ at the California Medical Facility, Vacaville, California.

_____        _____
Declarant                                              Declarant's Signature



May 16, 2016

NOTICE OF DATA BREACH

JOE PATTERSON, P43614
Housing: A M 2, Cell Bed: 214001L
California Medical Facility
PO Box 2000
Vacaville, CA 95696-2000

Dear JOE PATTERSON,

We are contacting you because of a possible information security incident involving your personal information.



## What Happened
On April 25, 2016 California Correctional Health Care Services (CCHCS) identified a potential breach of your Personally Identifiable Information and Protected Health Information that occurred on February 25, 2016. An unencrypted laptop was stolen from a CCHCS workforce member's personal vehicle. The laptop was password protected in accordance with state protocol.

## What Information Was Involved
We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information. To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

## What We Are Doing
We regret this incident occurred and take these events seriously. CCHCS has taken steps to mitigate these types of events including information security training for staff and we are reinforcing information security practices. We are also taking steps to ensure that all CCHCS mobile devices include appropriate technology protections.

## What You Can Do
We do not believe there are any further information privacy protective measures you need to take at this time. However, if you have concerns you can contact the California Correctional Health Care Services, Controlled Correspondence Unit, P.O. Box 588500, Elk Grove, CA 95758-8500.

## For More Information
For more information please write the California Correctional Health Care Services, Controlled Correspondence Unit, P.O. Box 588500, Elk Grove, CA 95758-8500.

California Correctional Health Care Services

cc:      CCU

---

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758

*exhibet (B)*



## HEALTH AND SAFETY CODE - HSC

### DIVISION 110. THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY IMPLEMENTATION ACT OF 2001 [130300 - 130317]  *( Division 110 added by Stats. 2001, Ch. 635, Sec. 1. )*

**130311.** All state entities affected by HIPAA shall comply with the decisions of the director in achieving compliance with HIPAA.

*(Added by Stats. 2001, Ch. 635, Sec. 1. Effective October 9, 2001. Repealed as of June 30, 2016, pursuant to Section 130317.)*

# Health Insurance Portability and Accountability Act (HIPAA)
## Title II: Administrative Simplification

## PRIVACY RULE

**Q1: What is the HIPAA Privacy Rule?**

A1: The HIPAA Privacy Rule establishes national standards to protect individuals' medical records and other personal health information and applies to health plans, health care clearinghouses, and those health care providers that conduct certain health care transactions electronically. The Rule requires safeguards to protect the privacy of personal health information, and sets limits and conditions on the uses and disclosures that may be made without patient authorization. The Rule also gives patients rights over their health information, including rights to examine and obtain a copy of their health records, and to request corrections.

**Q2: Why is the HIPAA Privacy Rule required?**

A2: Prior to the adoption of HIPAA and the Privacy Rule, personal health information was often distributed without patient notice or authorization for reasons not pertaining to medical treatment or health care reimbursement. Personal health information was often inappropriately shared, distributed, or used for malicious intent, etc.

**Q3: Who at CDCR/CCHCS should align their business practices with the HIPAA Privacy Rule?**

A3: All employees and those who conduct business with CDCR/CCHCS have a duty to protect the privacy of an individual's health information. Whether you routinely work with health information, or occasionally come into contact with it, you have the duty to properly handle this confidential information.

Privacy is everyone's responsibility

**Q4: Does the HIPAA Privacy Rule apply to written and verbal communications?**

A4: Yes, the HIPAA Privacy Rule applies to all medical records and other individually identifiable health information in any format, whether communicated in writing on paper, in writing electronically, or verbally. Any information about the health of an individual, which identifies or can be used to identify the individual, is confidential.

**Q5: Generally, what does the HIPAA Privacy Rule require me to do?**

A5: The HIPAA Privacy Rule requires you to safeguard and limit the use and disclosure of protected health information to a minimum necessary standard and on a need to know basis.

**Q6: Does the HIPAA Privacy Rule apply to patient inmates in California?**

A6: Yes. With certain exceptions. CDCR/CCHCS may not disseminate PHI without a valid authorization on file.

Note: PHI may be used or disclosed without authorization for specialized government functions. These specialized government functions include correctional institutions or a law enforcement official with lawful custody of an inmate when sharing the PHI is necessary for the health and safety of such individual, other inmates, officers, other employees at the correctional institution, persons responsible for such inmate's transportation or otherwise for the administration and maintenance of the safety, security, and good order of the correctional institution.

**Q7: When is it OK for me to send PHI in email?**

A7: If you have a critical need to email PHI to a non-CDCR/CCHCS email box, the email must be sent encrypted. You can also send PHI on an encrypted USB. To find out more about encryption, contact the IT Solutions Center. If you need to share PHI with another CDCR/CCHCS business area, you should look into creating a share folder or file on the CCHCS network, designate a specific "group" of users that are allowed access, and delete the folder/file when it is no longer needed.

CCHCS understands there are occasions where sending PHI in email from one cdcr.ca.gov email account to another cdcr.ca.gov email account will occur; CDCR's interconnectivity with CCHCS networks are reasonably protected. However, in those instances all staff are expected to do so using best judgment, discretion and utmost care and carefully matching the recipient name(s) to the e-mail address, ensuring the recipient requesting the information are authorized to receive the information.

For more information, refer to our sharing of protected health information guide.

**Q8: What do I do if I think there has been a privacy breach of health information?**

A8: When you witness an event you believe may result in an unauthorized activity related to PHI, you must report it to your immediate supervisor and the Information Security Office. The important thing is you tell someone right away

# SECURITY RULE

Q1: What is the HIPAA Security Rule?

A2: The Security Rule outlines safeguards for the creation, storage, access, sharing, transmission, archiving and retention of protected health information (PHI) in electronic form.

Q2: Is the use of encryption required in the HIPAA Security Rule?

A2: No, however, California State Law requires the encryption of confidential and sensitive information that is mobile; and this more stringent law takes precedence.

For more information, refer to our sharing of protected health information guide.

Q3: Who at CDCR/CCHCS should align their business practices with the HIPAA Security Rule?

A3: Everyone who is employed by and does business with CDCR/CCHCS has a duty to protect the privacy and ensure security of an individual's health information. It's everyone's responsibility.

Q4: Do Security Rule standards require use of specific technologies (e.g. Microsoft)?

A4: No. The Security standards were designed to be "technology neutral" in order to facilitate use of the latest technologies that meet the needs of different healthcare organizations.

Q5: What do I do if I think there has been an information security incident?

 A5: When you witness an event you believe may result in an unauthorized release of PHI, you should report it to your immediate supervisor and the information Security Office. The important thing is you tell someone right away.

Q6: When is it OK for me to send PHI in email?

A6: If you have a critical need to email PHI to a non-CDCR/CCHCS email box, the email must be sent encrypted. You can also send PHI on an encrypted USB. To find out more about encryption, contact the IT Solutions Center  If you need to share PHI with another CDCR/CCHCS business area, you should look into creating a share folder or file on the CCHCS network, designate a specific "group" of users that are allowed access, and delete the folder/file when it is no longer needed.

CCHCS understands there are occasions where sending PHI in email from one cdcr.ca.gov email account to another cdcr.ca.gov email account will occur; CDCR's interconnectivity with CCHCS networks are reasonably protected. However, in those instances all staff are expected to do so using best judgment, discretion and utmost care and carefully matching the recipient name(s) to the e-mail address, ensuring the recipient requesting the information are authorized to receive the information.

For more information, refer to our sharing of protected health information guide.

# ELECTRONIC DATA INTERCHANGE (EDI) MANDATE

Q1: What is the HIPAA Electronic Data Interchange (EDI) mandate?

A1: Electronic exchanges involving the transfer of information between parties for specific purposes (i.e. to send a claim to request or make payments for medical services) are called transactions  HIPAA adopted standard transactions for electronic data interchange (EDI) for the transmission of health care data. These transactions may apply to you and/or your job.

The HIPAA Title II: Administrative Simplification, Electronic Health Transaction Standards and Code Sets section requires and describes the implementation of a national standard for transmitting health data electronically and using Standard Code Sets to describe diseases, injuries, and other health problems. This also includes Unique Identifiers – a system for using one identification number per health care provider, patient, health plan, or payer to simplify administration.

Q2: What is the purpose of EDI?

A2: The purpose of EDI is to improve the efficiency and effectiveness of the health care system. National standards for electronic health care transactions encourage electronic commerce in health care and simplify the processes in the industry. This will result in savings from the reduction in administrative burdens on health care providers and health plans.

Q3: Who at CDCR/CCHCS should align their business practices with the HIPAA EDI standards?

A3: All CDCR/CCHCS employees whose job duties involve the receipt or transmission of health care information should align their business practices with the HIPAA EDI standards as applicable.



## HEALTH AND SAFETY CODE - HSC

### DIVISION 110. THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY IMPLEMENTATION ACT OF 2001 [130300 - 130317]  *( Division 110 added by Stats. 2001, Ch. 635, Sec. 1. )*

**130311.** All state entities affected by HIPAA shall comply with the decisions of the director in achieving compliance with HIPAA.

*(Added by Stats. 2001, Ch. 635, Sec. 1. Effective October 9, 2001. Repealed as of June 30, 2016, pursuant to Section 130317.)*

*Exhibit 'O'*



## CIVIL CODE - CIV

**DIVISION 1. PERSONS [38 - 86]**  *( Heading of Division 1 amended by Stats. 1988, Ch. 160, Sec. 12. )*

**PART 2.6. CONFIDENTIALITY OF MEDICAL INFORMATION [56 - 56.37]**  *( Part 2.6 repealed and added by Stats. 1981, Ch. 782, Sec. 2. )*

**CHAPTER 2. Disclosure of Medical Information by Providers [56.10 - 56.16]**  *( Chapter 2 added by Stats. 1981, Ch. 782, Sec. 2. )*

**56.10.**  (a) A provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization, except as provided in subdivision (b) or (c).

(b) A provider of health care, a health care service plan, or a contractor shall disclose medical information if the disclosure is compelled by any of the following:

(1) By a court pursuant to an order of that court.

(2) By a board, commission, or administrative agency for purposes of adjudication pursuant to its lawful authority.

(3) By a party to a proceeding before a court or administrative agency pursuant to a subpoena, subpoena duces tecum, notice to appear served pursuant to Section 1987 of the Code of Civil Procedure, or any provision authorizing discovery in a proceeding before a court or administrative agency.

(4) By a board, commission, or administrative agency pursuant to an investigative subpoena issued under Article 2 (commencing with Section 11180) of Chapter 2 of Part 1 of Division 3 of Title 2 of the Government Code.

(5) By an arbitrator or arbitration panel, when arbitration is lawfully requested by either party, pursuant to a subpoena duces tecum issued under Section 1282.6 of the Code of Civil Procedure, or another provision authorizing discovery in a proceeding before an arbitrator or arbitration panel.

(6) By a search warrant lawfully issued to a governmental law enforcement agency.

(7) By the patient or the patient's representative pursuant to Chapter 1 (commencing with Section 123100) of Part 1 of Division 106 of the Health and Safety Code.

(8) By a coroner, when requested in the course of an investigation by the coroner's office for the purpose of identifying the decedent or locating next of kin, or when investigating deaths that may involve public health concerns, organ or tissue donation, child abuse, elder abuse, suicides, poisonings, accidents, sudden infant deaths, suspicious deaths, unknown deaths, or criminal deaths, or upon notification of, or investigation of, imminent deaths that may involve organ or tissue donation pursuant to Section 7151.15 of the Health and Safety Code, or when otherwise authorized by the decedent's representative. Medical information requested by the coroner under this paragraph shall be limited to information regarding the patient who is the decedent and who is the subject of the investigation or who is the prospective donor and shall be disclosed to the coroner without delay upon request.

(9) When otherwise specifically required by law.

(c) A provider of health care or a health care service plan may disclose medical information as follows:

(1) The information may be disclosed to providers of health care, health care service plans, contractors, or other health care professionals or facilities for purposes of diagnosis or treatment of the patient. This includes, in an emergency situation, the communication of patient information by radio transmission or other means between emergency medical personnel at the scene of an emergency, or in an emergency medical transport vehicle, and emergency medical personnel at a health facility licensed pursuant to Chapter 2 (commencing with Section 1250) of Division 2 of the Health and Safety Code.

(2) The information may be disclosed to an insurer, employer, health care service plan, hospital service plan, employee benefit plan, governmental authority, contractor, or other person or entity responsible for paying for health care services rendered to the patient, to the extent necessary to allow responsibility for payment to be determined and payment to be made. If (A) the patient is, by reason of a comatose or other disabling medical condition, unable to consent to the disclosure of medical information and (B) no other arrangements have been made to pay for the health care services being rendered to the patient, the information may be disclosed to a governmental authority to the extent necessary to determine the patient's eligibility for, and to obtain, payment under a governmental program for health care services provided to the patient. The information may also be disclosed to another provider of health care or health care service plan as necessary to assist the other provider or health care service plan in obtaining payment for health care services rendered by that provider of health care or health care service plan to the patient.

(3) The information may be disclosed to a person or entity that provides billing, claims management, medical data processing, or other administrative services for providers of health care or health care service plans or for any of the persons or entities specified in paragraph (2). However, information so disclosed shall not be further disclosed by the recipient in a way that would violate this part.

(4) The information may be disclosed to organized committees and agents of professional societies or of medical staffs of licensed hospitals, licensed health care service plans, professional standards review organizations, independent medical review organizations and their selected reviewers, utilization and quality control peer review organizations as established by Congress in Public Law 97-248 in 1982, contractors, or persons or organizations insuring, responsible for, or defending professional liability that a provider may incur, if the committees, agents, health care service plans, organizations, reviewers, contractors, or persons are engaged in reviewing the competence or qualifications of health care professionals or in reviewing health care services with respect to medical necessity, level of care, quality of care, or justification of charges.

(5) The information in the possession of a provider of health care or health care service plan may be reviewed by a private or public body responsible for licensing or accrediting the provider of health care or health care service plan. However, no patient-identifying medical information may be removed from the premises except as expressly permitted or required elsewhere by law, nor shall that information be further disclosed by the recipient in a way that would violate this part.

(6) The information may be disclosed to the county coroner in the course of an investigation by the coroner's office when requested for all purposes not included in paragraph (8) of subdivision (b).

(7) The information may be disclosed to public agencies, clinical investigators, including investigators conducting epidemiologic studies, health care research organizations, and accredited public or private nonprofit educational or health care institutions for bona fide research purposes. However, no information so disclosed shall be further disclosed by the recipient in a way that would disclose the identity of a patient or violate this part.

(8) A provider of health care or health care service plan that has created medical information as a result of employment-related health care services to an employee conducted at the specific prior written request and expense of the employer may disclose to the employee's employer that part of the information that:

(A) Is relevant in a lawsuit, arbitration, grievance, or other claim or challenge to which the employer and the employee are parties and in which the patient has placed in issue his or her medical history, mental or physical condition, or treatment, provided that information may only be used or disclosed in connection with that proceeding.

(B) Describes functional limitations of the patient that may entitle the patient to leave from work for medical reasons or limit the patient's fitness to perform his or her present employment, provided that no statement of medical cause is included in the information disclosed.

(9) Unless the provider of health care or a health care service plan is notified in writing of an agreement by the sponsor, insurer, or administrator to the contrary, the information may be disclosed to a sponsor, insurer, or administrator of a group or individual insured or uninsured plan or policy that the patient seeks coverage by or benefits from, if the information was created by the provider of health care or health care service plan as the result of services conducted at the specific prior written request and expense of the sponsor, insurer, or administrator for the purpose of evaluating the application for coverage or benefits.

(10) The information may be disclosed to a health care service plan by providers of health care that contract with the health care service plan and may be transferred among providers of health care that contract with the health care service plan, for the purpose of administering the health care service plan. Medical information shall not otherwise be disclosed by a health care service plan except in accordance with this part.

(11) This part does not prevent the disclosure by a provider of health care or a health care service plan to an insurance institution, agent, or support organization, subject to Article 6.6 (commencing with Section 791) of Chapter 1 of Part 2 of Division 1 of the Insurance Code, of medical information if the insurance institution, agent, or support organization has complied with all of the requirements for obtaining the information pursuant to Article 6.6 (commencing with Section 791) of Chapter 1 of Part 2 of Division 1 of the Insurance Code.

(12) The information relevant to the patient's condition, care, and treatment provided may be disclosed to a probate court investigator in the course of an investigation required or authorized in a conservatorship proceeding under the Guardianship-Conservatorship Law as defined in Section 1400 of the Probate Code, or to a probate court investigator, probation officer, or domestic relations investigator engaged in determining the need for an initial guardianship or continuation of an existing guardianship.

(13) The information may be disclosed to an organ procurement organization or a tissue bank processing the tissue of a decedent for transplantation into the body of another person, but only with respect to the donating decedent, for the purpose of aiding the transplant. For the purpose of this paragraph, "tissue bank" and "tissue" have the same meanings as defined in Section 1635 of the Health and Safety Code.

(14) The information may be disclosed when the disclosure is otherwise specifically authorized by law, including, but not limited to, the voluntary reporting, either directly or indirectly, to the federal Food and Drug Administration of adverse events related to drug products or medical device problems, or to disclosures made pursuant to subdivisions (b) and (c) of Section 11167 of the Penal Code by a person making a report pursuant to Sections 11165.9 and 11166 of the Penal Code, provided that those disclosures concern a report made by that person.

(15) Basic information, including the patient's name, city of residence, age, sex, and general condition, may be disclosed to a state-recognized or federally recognized disaster relief organization for the purpose of responding to disaster welfare inquiries.

(16) The information may be disclosed to a third party for purposes of encoding, encrypting, or otherwise anonymizing data. However, no information so disclosed shall be further disclosed by the recipient in a way that would violate this part, including the unauthorized manipulation of coded or encrypted medical information that reveals individually identifiable medical information.

(17) For purposes of disease management programs and services as defined in Section 1399.901 of the Health and Safety Code, information may be disclosed as follows: (A) to an entity contracting with a health care service plan or the health care service plan's contractors to monitor or administer care of enrollees for a covered benefit, if the disease management services and care are authorized by a treating physician, or (B) to a disease management organization, as defined in Section 1399.900 of the Health and Safety Code, that complies fully with the physician authorization requirements of Section 1399.902 of the Health and Safety Code, if the health care service plan or its contractor provides or has provided a description of the disease management services to a treating physician or to the health care service plan's or contractor's network of physicians. This paragraph does not require physician authorization for the care or treatment of the adherents of a well-recognized church or religious denomination who depend solely upon prayer or spiritual means for healing in the practice of the religion of that church or denomination.

(18) The information may be disclosed, as permitted by state and federal law or regulation, to a local health department for the purpose of preventing or controlling disease, injury, or disability, including, but not limited to, the reporting of disease, injury, vital events, including, but not limited to, birth or death, and the conduct of public health surveillance, public health investigations, and public health interventions, as authorized or required by state or federal law or regulation.

(19) The information may be disclosed, consistent with applicable law and standards of ethical conduct, by a psychotherapist, as defined in Section 1010 of the Evidence Code, if the psychotherapist, in good faith, believes the disclosure is necessary to prevent or lessen a serious and imminent threat to the health or safety of a reasonably foreseeable victim or victims, and the disclosure is made to a person or persons reasonably able to prevent or lessen the threat, including the target of the threat.

(20) The information may be disclosed as described in Section 56.103.

(21) (A) The information may be disclosed to an employee welfare benefit plan, as defined under Section 3(1) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(1)), which is formed under Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. Sec. 186(c)(5)), to the extent that the employee welfare benefit plan provides medical care, and may also be disclosed to an entity contracting with the employee welfare benefit plan for billing, claims management, medical data processing, or other administrative services related to the provision of medical care to persons enrolled in the employee welfare benefit plan for health care coverage, if all of the following conditions are met:

(i) The disclosure is for the purpose of determining eligibility, coordinating benefits, or allowing the employee welfare benefit plan or the contracting entity to advocate on the behalf of a patient or enrollee with a provider, a health care service plan, or a state or federal regulatory agency.

(ii) The request for the information is accompanied by a written authorization for the release of the information submitted in a manner consistent with subdivision (a) and Section 56.11.

(iii) The disclosure is authorized by and made in a manner consistent with the Health Insurance Portability and Accountability Act of 1996 (Public Law 104-191).

(iv) Any information disclosed is not further used or disclosed by the recipient in any way that would directly or indirectly violate this part or the restrictions imposed by Part 164 of Title 45 of the Code of Federal Regulations,

including the manipulation of the information in any way that might reveal individually identifiable medical information.

(B) For purposes of this paragraph, Section 1374.8 of the Health and Safety Code shall not apply.

(22) Information may be disclosed pursuant to subdivision (a) of Section 15633.5 of the Welfare and Institutions Code by a person required to make a report pursuant to Section 15630 of the Welfare and Institutions Code, provided that the disclosure under subdivision (a) of Section 15633.5 concerns a report made by that person. Covered entities, as they are defined in Section 160.103 of Title 45 of the Code of Federal Regulations, shall comply with the requirements of the Health Insurance Portability and Accountability Act (HIPAA) privacy rule pursuant to subsection (c) of Section 164.512 of Title 45 of the Code of Federal Regulations if the disclosure is not for the purpose of public health surveillance, investigation, intervention, or reporting an injury or death.

(d) Except to the extent expressly authorized by a patient, enrollee, or subscriber, or as provided by subdivisions (b) and (c), a provider of health care, health care service plan, contractor, or corporation and its subsidiaries and affiliates shall not intentionally share, sell, use for marketing, or otherwise use medical information for a purpose not necessary to provide health care services to the patient.

(e) Except to the extent expressly authorized by a patient or enrollee or subscriber or as provided by subdivisions (b) and (c), a contractor or corporation and its subsidiaries and affiliates shall not further disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan or insurer or self-insured employer received under this section to a person or entity that is not engaged in providing direct health care services to the patient or his or her provider of health care or health care service plan or insurer or self-insured employer.

*(Amended by Stats. 2013, Ch. 341, Sec. 1. Effective January 1, 2014.)*



## CIVIL CODE - CIV

**DIVISION 1. PERSONS [38 - 86]** *( Heading of Division 1 amended by Stats. 1988, Ch. 160, Sec. 12. )*

**PART 2.6. CONFIDENTIALITY OF MEDICAL INFORMATION [56 - 56.37]** *( Part 2.6 repealed and added by Stats. 1981, Ch. 782, Sec. 2. )*

**CHAPTER 2. Disclosure of Medical Information by Providers [56.10 - 56.16]** *( Chapter 2 added by Stats. 1981, Ch. 782, Sec. 2. )*

**56.10.** (a) A provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization, except as provided in subdivision (b) or (c).

(b) A provider of health care, a health care service plan, or a contractor shall disclose medical information if the disclosure is compelled by any of the following:

(1) By a court pursuant to an order of that court.

(2) By a board, commission, or administrative agency for purposes of adjudication pursuant to its lawful authority.

(3) By a party to a proceeding before a court or administrative agency pursuant to a subpoena, subpoena duces tecum, notice to appear served pursuant to Section 1987 of the Code of Civil Procedure, or any provision authorizing discovery in a proceeding before a court or administrative agency.

(4) By a board, commission, or administrative agency pursuant to an investigative subpoena issued under Article 2 (commencing with Section 11180) of Chapter 2 of Part 1 of Division 3 of Title 2 of the Government Code.

(5) By an arbitrator or arbitration panel, when arbitration is lawfully requested by either party, pursuant to a subpoena duces tecum issued under Section 1282.6 of the Code of Civil Procedure, or another provision authorizing discovery in a proceeding before an arbitrator or arbitration panel.

(6) By a search warrant lawfully issued to a governmental law enforcement agency.

(7) By the patient or the patient's representative pursuant to Chapter 1 (commencing with Section 123100) of Part 1 of Division 106 of the Health and Safety Code.

(8) By a coroner, when requested in the course of an investigation by the coroner's office for the purpose of identifying the decedent or locating next of kin, or when investigating deaths that may involve public health concerns, organ or tissue donation, child abuse, elder abuse, suicides, poisonings, accidents, sudden infant deaths, suspicious deaths, unknown deaths, or criminal deaths, or upon notification of, or investigation of, imminent deaths that may involve organ or tissue donation pursuant to Section 7151.15 of the Health and Safety Code, or when otherwise authorized by the decedent's representative. Medical information requested by the coroner under this paragraph shall be limited to information regarding the patient who is the decedent and who is the subject of the investigation or who is the prospective donor and shall be disclosed to the coroner without delay upon request.

(9) When otherwise specifically required by law.

(c) A provider of health care or a health care service plan may disclose medical information as follows:

(1) The information may be disclosed to providers of health care, health care service plans, contractors, or other health care professionals or facilities for purposes of diagnosis or treatment of the patient. This includes, in an emergency situation, the communication of patient information by radio transmission or other means between emergency medical personnel at the scene of an emergency, or in an emergency medical transport vehicle, and emergency medical personnel at a health facility licensed pursuant to Chapter 2 (commencing with Section 1250) of Division 2 of the Health and Safety Code.

(2) The information may be disclosed to an insurer, employer, health care service plan, hospital service plan, employee benefit plan, governmental authority, contractor, or other person or entity responsible for paying for health care services rendered to the patient, to the extent necessary to allow responsibility for payment to be determined and payment to be made. If (A) the patient is, by reason of a comatose or other disabling medical condition, unable to consent to the disclosure of medical information and (B) no other arrangements have been made to pay for the health care services being rendered to the patient, the information may be disclosed to a governmental authority to the extent necessary to determine the patient's eligibility for, and to obtain, payment under a governmental program for health care services provided to the patient. The information may also be disclosed to another provider of health care or health care service plan as necessary to assist the other provider or health care service plan in obtaining payment for health care services rendered by that provider of health care or health care service plan to the patient.

(3) The information may be disclosed to a person or entity that provides billing, claims management, medical data processing, or other administrative services for providers of health care or health care service plans or for any of the persons or entities specified in paragraph (2). However, information so disclosed shall not be further disclosed by the recipient in a way that would violate this part.

(4) The information may be disclosed to organized committees and agents of professional societies or of medical staffs of licensed hospitals, licensed health care service plans, professional standards review organizations, independent medical review organizations and their selected reviewers, utilization and quality control peer review organizations as established by Congress in Public Law 97-248 in 1982, contractors, or persons or organizations insuring, responsible for, or defending professional liability that a provider may incur, if the committees, agents, health care service plans, organizations, reviewers, contractors, or persons are engaged in reviewing the competence or qualifications of health care professionals or in reviewing health care services with respect to medical necessity, level of care, quality of care, or justification of charges.

(5) The information in the possession of a provider of health care or health care service plan may be reviewed by a private or public body responsible for licensing or accrediting the provider of health care or health care service plan. However, no patient-identifying medical information may be removed from the premises except as expressly permitted or required elsewhere by law, nor shall that information be further disclosed by the recipient in a way that would violate this part.

(6) The information may be disclosed to the county coroner in the course of an investigation by the coroner's office when requested for all purposes not included in paragraph (8) of subdivision (b).

(7) The information may be disclosed to public agencies, clinical investigators, including investigators conducting epidemiologic studies, health care research organizations, and accredited public or private nonprofit educational or health care institutions for bona fide research purposes. However, no information so disclosed shall be further disclosed by the recipient in a way that would disclose the identity of a patient or violate this part.

(8) A provider of health care or health care service plan that has created medical information as a result of employment-related health care services to an employee conducted at the specific prior written request and expense of the employer may disclose to the employee's employer that part of the information that:

(A) Is relevant in a lawsuit, arbitration, grievance, or other claim or challenge to which the employer and the employee are parties and in which the patient has placed in issue his or her medical history, mental or physical condition, or treatment, provided that information may only be used or disclosed in connection with that proceeding.

(B) Describes functional limitations of the patient that may entitle the patient to leave from work for medical reasons or limit the patient's fitness to perform his or her present employment, provided that no statement of medical cause is included in the information disclosed.

(9) Unless the provider of health care or a health care service plan is notified in writing of an agreement by the sponsor, insurer, or administrator to the contrary, the information may be disclosed to a sponsor, insurer, or administrator of a group or individual insured or uninsured plan or policy that the patient seeks coverage by or benefits from, if the information was created by the provider of health care or health care service plan as the result of services conducted at the specific prior written request and expense of the sponsor, insurer, or administrator for the purpose of evaluating the application for coverage or benefits.

(10) The information may be disclosed to a health care service plan by providers of health care that contract with the health care service plan and may be transferred among providers of health care that contract with the health care service plan, for the purpose of administering the health care service plan. Medical information shall not otherwise be disclosed by a health care service plan except in accordance with this part.

(11) This part does not prevent the disclosure by a provider of health care or a health care service plan to an insurance institution, agent, or support organization, subject to Article 6.6 (commencing with Section 791) of Chapter 1 of Part 2 of Division 1 of the Insurance Code, of medical information if the insurance institution, agent, or support organization has complied with all of the requirements for obtaining the information pursuant to Article 6.6 (commencing with Section 791) of Chapter 1 of Part 2 of Division 1 of the Insurance Code.

(12) The information relevant to the patient's condition, care, and treatment provided may be disclosed to a probate court investigator in the course of an investigation required or authorized in a conservatorship proceeding under the Guardianship-Conservatorship Law as defined in Section 1400 of the Probate Code, or to a probate court investigator, probation officer, or domestic relations investigator engaged in determining the need for an initial guardianship or continuation of an existing guardianship.

(13) The information may be disclosed to an organ procurement organization or a tissue bank processing the tissue of a decedent for transplantation into the body of another person, but only with respect to the donating decedent, for the purpose of aiding the transplant. For the purpose of this paragraph, "tissue bank" and "tissue" have the same meanings as defined in Section 1635 of the Health and Safety Code.

(14) The information may be disclosed when the disclosure is otherwise specifically authorized by law, including, but not limited to, the voluntary reporting, either directly or indirectly, to the federal Food and Drug Administration of adverse events related to drug products or medical device problems, or to disclosures made pursuant to subdivisions (b) and (c) of Section 11167 of the Penal Code by a person making a report pursuant to Sections 11165.9 and 11166 of the Penal Code, provided that those disclosures concern a report made by that person.

(15) Basic information, including the patient's name, city of residence, age, sex, and general condition, may be disclosed to a state-recognized or federally recognized disaster relief organization for the purpose of responding to disaster welfare inquiries.

(16) The information may be disclosed to a third party for purposes of encoding, encrypting, or otherwise anonymizing data. However, no information so disclosed shall be further disclosed by the recipient in a way that would violate this part, including the unauthorized manipulation of coded or encrypted medical information that reveals individually identifiable medical information.

(17) For purposes of disease management programs and services as defined in Section 1399.901 of the Health and Safety Code, information may be disclosed as follows: (A) to an entity contracting with a health care service plan or the health care service plan's contractors to monitor or administer care of enrollees for a covered benefit, if the disease management services and care are authorized by a treating physician, or (B) to a disease management organization, as defined in Section 1399.900 of the Health and Safety Code, that complies fully with the physician authorization requirements of Section 1399.902 of the Health and Safety Code, if the health care service plan or its contractor provides or has provided a description of the disease management services to a treating physician or to the health care service plan's or contractor's network of physicians. This paragraph does not require physician authorization for the care or treatment of the adherents of a well-recognized church or religious denomination who depend solely upon prayer or spiritual means for healing in the practice of the religion of that church or denomination.

(18) The information may be disclosed, as permitted by state and federal law or regulation, to a local health department for the purpose of preventing or controlling disease, injury, or disability, including, but not limited to, the reporting of disease, injury, vital events, including, but not limited to, birth or death, and the conduct of public health surveillance, public health investigations, and public health interventions, as authorized or required by state or federal law or regulation.

(19) The information may be disclosed, consistent with applicable law and standards of ethical conduct, by a psychotherapist, as defined in Section 1010 of the Evidence Code, if the psychotherapist, in good faith, believes the disclosure is necessary to prevent or lessen a serious and imminent threat to the health or safety of a reasonably foreseeable victim or victims, and the disclosure is made to a person or persons reasonably able to prevent or lessen the threat, including the target of the threat.

(20) The information may be disclosed as described in Section 56.103.

(21) (A) The information may be disclosed to an employee welfare benefit plan, as defined under Section 3(1) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(1)), which is formed under Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. Sec. 186(c)(5)), to the extent that the employee welfare benefit plan provides medical care, and may also be disclosed to an entity contracting with the employee welfare benefit plan for billing, claims management, medical data processing, or other administrative services related to the provision of medical care to persons enrolled in the employee welfare benefit plan for health care coverage, if all of the following conditions are met:

(i) The disclosure is for the purpose of determining eligibility, coordinating benefits, or allowing the employee welfare benefit plan or the contracting entity to advocate on the behalf of a patient or enrollee with a provider, a health care service plan, or a state or federal regulatory agency.

(ii) The request for the information is accompanied by a written authorization for the release of the information submitted in a manner consistent with subdivision (a) and Section 56.11.

(iii) The disclosure is authorized by and made in a manner consistent with the Health Insurance Portability and Accountability Act of 1996 (Public Law 104-191).

(iv) Any information disclosed is not further used or disclosed by the recipient in any way that would directly or indirectly violate this part or the restrictions imposed by Part 164 of Title 45 of the Code of Federal Regulations,

including the manipulation of the information in any way that might reveal individually identifiable medical information.

(B) For purposes of this paragraph, Section 1374.8 of the Health and Safety Code shall not apply.

(22) Information may be disclosed pursuant to subdivision (a) of Section 15633.5 of the Welfare and Institutions Code by a person required to make a report pursuant to Section 15630 of the Welfare and Institutions Code, provided that the disclosure under subdivision (a) of Section 15633.5 concerns a report made by that person. Covered entities, as they are defined in Section 160.103 of Title 45 of the Code of Federal Regulations, shall comply with the requirements of the Health Insurance Portability and Accountability Act (HIPAA) privacy rule pursuant to subsection (c) of Section 164.512 of Title 45 of the Code of Federal Regulations if the disclosure is not for the purpose of public health surveillance, investigation, intervention, or reporting an injury or death.

(d) Except to the extent expressly authorized by a patient, enrollee, or subscriber, or as provided by subdivisions (b) and (c), a provider of health care, health care service plan, contractor, or corporation and its subsidiaries and affiliates shall not intentionally share, sell, use for marketing, or otherwise use medical information for a purpose not necessary to provide health care services to the patient.

(e) Except to the extent expressly authorized by a patient or enrollee or subscriber or as provided by subdivisions (b) and (c), a contractor or corporation and its subsidiaries and affiliates shall not further disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan or insurer or self-insured employer received under this section to a person or entity that is not engaged in providing direct health care services to the patient or his or her provider of health care or health care service plan or insurer or self-insured employer.

*(Amended by Stats. 2013, Ch. 341, Sec. 1. Effective January 1, 2014.)*