1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOE PATTERSON,                              No.  2:16-cv-1538 TLN KJN P

12              Plaintiff,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   CALIFORNIA CORRECTIONAL
     HEALTH CARE SERVICES, et al.,

15
                Defendants.
16

17

18        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

19   42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

20   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

21   § 636(b)(1).

22   I.  Application to Proceed in Forma Pauperis

23        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

24   § 1915(a).  However, the court will not assess a filing fee at this time.  Instead, the undersigned

25   recommends summary dismissal of the complaint.

26   II.  Screening

27        The court is required to screen complaints brought by prisoners seeking relief against a

28   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

1    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

4         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

7    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

10   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

11   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

12   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

13   1227.

14        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

15   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

18   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

19   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

20   sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

21   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

22   the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

23   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

24   In reviewing a complaint under this standard, the court must accept as true the allegations of the

25   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

26   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

27   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

28   ////

1  III.  Complaint

2        Plaintiff alleges that the California Correctional Health Care Services ("CCHCS") and the

3  California Department of Corrections and Rehabilitation ("CDCR") breached the confidentiality

4  of his personal information and medical records when an unencrypted laptop was stolen from the

5  vehicle of a CCHCS employee.  Plaintiff alleges he is now exposed to potential identity theft as a

6  result of defendants' negligence.  Attached to the complaint is a letter from CCHCS notifying

7  plaintiff of this "potential breach."  (ECF No. 1 at 8.)  The letter states that it is unknown if "any

8  sensitive information was contained in the laptop" and that the laptop was password protected.

9        Plaintiff asserts violation of his Fourth Amendment rights, California Health and Safety

10  Code Section 1280.15, and the California Medical Information Act ("CMIA").  He seeks money

11  damages.  Plaintiff also appends information concerning the Health Insurance Portability and

12  Accountability Act of 1996 ("HIPAA"), and California Civil Codes sections.  (ECF No. 1 at 9-

13  22.)

14  IV.  Named Defendants

15        Plaintiff failed to name a proper defendant.  State agencies, such as CDCR and CCHCS,

16  are immune from suit under the Eleventh Amendment.  See Will v. Michigan Dep't of State

17  Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

18  curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and

19  injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp.

20  v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state

21  agencies); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment

22  does not bar suits against state officials sued in their individual capacities, nor does it bar suits for

23  prospective injunctive relief against state officials sued in their official capacities).

24        However, assuming that plaintiff could substitute appropriate individuals as defendants,

25  the speculative allegations of the complaint still fail to establish that plaintiff has standing

26  because he cannot show an injury-in-fact.

27  ////

28  ////

3

V. Standing

Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2.  Plaintiff is required to establish standing for each claim he asserts.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006).  If a plaintiff has no standing, the court has no subject matter jurisdiction.  Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n.11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction.").

"'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.'"  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)).  To satisfy Article III standing, plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

"HIPAA itself does not provide for a private right of action."  Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).  Plaintiff's allegations are

4

1  based upon a notification which states that it is unknown whether *any* sensitive information is

2  contained in the laptop and that even if there is sensitive information in the laptop, the scope of

3  the information, including whether any of plaintiff's information is contained therein, is

4  unknown.  In other words, whether plaintiff's sensitive information has been compromised is

5  unknown.  Plaintiff cannot state a claim for relief based upon the speculative breach of his

6  sensitive information.  Thus, his claim for violation of his constitutional right to informational

7  privacy should be dismissed without prejudice for lack of standing.  See Fleck & Assoc., Inc. v.

8  City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without

9  prejudice).

10  VI.  State Law Claims

11       The complaint also alleges violations of California's CMIA and California Health and

12  Safety Code § 1280.15.  The CMIA authorizes a suit for money damages by "an individual . . .

13  against a person or entity who has negligently released confidential information or records

14  concerning him or her . . . ."  Cal. Civ. Code § 56.36(b).  California Health and Safety Code

15  § 1280.15, on the other hand, does not appear to authorize a private action, but requires

16  notification of any unlawful or unauthorized access of a patient's medical information and

17  authorizes the State Department of Health Services to issue administrative penalties for failing to

18  prevent such access.  However, the CMIA and § 1280.15 are state laws and do not provide a basis

19  for federal jurisdiction.  Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007)

20  ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.").

21  Because plaintiff lacks standing to pursue his federal claims for relief, this court should decline to

22  exercise supplemental jurisdiction over plaintiff's putative state law claims.[1]  Carnegie-Mellon

23  Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district

24  courts should usually decline to exercise supplemental jurisdiction).

25  ////

26  ////

27

28  _____
[1]  The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

5

VII.  No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment would be futile because the notification on which plaintiff's allegations are based establishes only speculative injury that is not real or immediate.  Because plaintiff lacks standing to pursue his federal claims, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss the complaint in its entirety.

VIII.  Conclusion

The undersigned recommends that the complaint be dismissed without prejudice because the facts show, at most, that plaintiff's sensitive information might have been stolen.  Thus, plaintiff's injury is too speculative to support a claim.  Because the undersigned recommends that plaintiff's federal claims be dismissed, the court should also decline to exercise supplemental jurisdiction over plaintiff's state law claims.

IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 1, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/patt1538.56

7